MARTIN, Respondent, v. CHOUTEAU LAND AND LUMBER COMPANY, Appellant.

St. Louis Court of Appeals, February 2, 1904.

SALES: Stranger Claiming Title. Where plaintiff alleged in his complaint that he sold a lot of ties, under a contract, and the purchaser, instead of paying him for them, paid the defendant who set up some claim to them, a motion in arrest of the judgment rendered in plaintiff's favor should have been sustained, because the proceeding was against the wrong party.

Appeal from Stoddard Circuit Court.—*Hon. Jas. L. Fort,* Judge.

REVERSED.

*J. R. Young* for appellant.

BLAND, P. J.—The suit was instituted before a justice of the peace on the following complaint filed by the plaintiff:

"Oscar Martin, Plaintiff, v. Bagnell Timber Company and Chouteau Land & Lumber Co., Defendants.

"Before T. D. Melrose, J. P., for the township of Duck Creek, county of Stoddard, and State of Missouri.

"Plaintiff for his cause of action states that the Bagnell Timber Company are now, and have at all times hereinafter named, been a corporation duly organized under and by permission of the laws of the State of Mis-

souri, and said corporation are now and was on the nineteenth day of June, 1901, engaged in the business of buying railroad ties and other railroad timbers, and that the Chouteau Land & Lumber Co. are now and was on the nineteenth day of June, 1901, a corporation organized under the laws of the State of Missouri, and engaged in the business of selling land and timber. Plaintiff further states that on or about the nineteenth day of April, 1901, he purchased of the Chouteau Land & Lumber Co., forty acres of timber for the sum of five dollars, said timber land being and lying in the county of Stoddard and known as the forty acres joining the place Gilbert Martin lives on, on the south. Plaintiff further states that he made of said timber, railroad ties and delivered said ties to the Bagnell Timber Company at West Dudley, Mo., on the Iron Mountain and Southern Railroad, one hundred and thirty-six of said ties marked to Oscar Martin and sixty-two marked to Gilbert Martin for which said Bagnell Timber Company was to pay plaintiff twenty-five cents per tie and that said Chouteau Land & Lumber Company, by its duly authorized agent claimed said ties by right of accession and demanded of Bagnell Timber Company the amount due on said ties, wherefore said Bagnell Timber Company paid to Chouteau the amount due on said ties and wholly refused, neglected and failed to pay this plaintiff for his said ties and by reason of said refusal and neglect to pay plaintiff for his said ties, the plaintiff is damaged in the sum of $200.

"Wherefore plaintiff prays judgment for the sum of $45.50 for his debt and for the sum of $200 for his damages, making a total of $245.50 together with all costs and interest at the rate of six per cent from date of filing."

The cause was appealed to the circuit court where it was dismissed as to the Bagnell Timber Company. The issues were then submitted to the court, who, after hearing the evidence found for plaintiff and assessed his

damages at $45.50.   Timely motions for a new trial and in arrest of judgment were filed which the court overruled, whereupon defendant appealed.

We think the motion in arrest of judgment should have been sustained.   The complaint alleges that plaintiff delivered the ties to the Bagnell Timber Company; that said company agreed to pay him twenty-five cents per tie for the one hundred and ninety-eight ties delivered but instead the Bagnell Timber Company paid the Chouteau Land & Lumber Company, who claimed them "by right of accession."   On delivery of the ties to the Bagnell Timber Company under the contract of sale alleged in the complaint, the ties became the property of that company (if plaintiff had a title) and plaintiff's right of action to recover the contract price of the ties was against that company and not against the Chouteau Land & Lumber Company, who set up some sort of a claim to them which the Bagnell Timber Company is alleged to have recognized.   If the Bagnell Timber Company, after receiving the ties under the contract of purchase alleged in the complaint, denied the title of plaintiff to the ties, it did so at its peril and would, in a suit by plaintiff against it for the contract price of the ties, be bound to show that plaintiff had no title and that after learning this fact it bought the ties of the true owner.   Plaintiff, it seems to us, has proceeded against the wrong party.   His right of action, if any he has, is against the Bagnell Timber Company.

The judgment is reversed.   *Reyburn* and *Goode, JJ.,* concur.